IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William Broach, #272257, | ) | C/A No. 0:08-1627-HMH-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden Robert Stevenson, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondent's motion for summary judgment (Docket Entry 23). The petitioner, William Broach ("Broach"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On September 30, 2008, the respondent filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(b). By order filed October 1, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (Docket Entry 25.) Broach filed a response in opposition to the respondent's motion on February 6, 2009. (Docket Entry 47.) This motion is now before the court for a Report and Recommendation.

**BACKGROUND**

Broach was indicted in May 2000 in Richland County on four counts of criminal sexual conduct with a minor, first degree ("CSC 1st") (2000-GS-47106, -47109, -47278, -57505) and one count of criminal sexual conduct with a minor, second degree ("CSC 2nd") (2000-GS-40-47108). (See App. at 826-27, 832-33, 844-45, 857-58, 867-68, Docket Entry 24-10 at 1-2, 7-8, 19-20, 32-33,

42-43.) Broach was represented by W. Gary White, III, Esquire,[1] and from January 16-19, 2001, was tried by a jury and found guilty of all counts. (See App. at 733-34, Docket Entry 24-8 at 43-44.) On January 22, 2001, the circuit court sentenced Broach to concurrent terms of thirty years in prison on all four counts of CSC 1st running consecutively to a term of twenty years on the CSC 2nd count. (See App. at 751, Docket Entry 24-8 at 62.)

Broach filed motions for a new trial, *non obstante verdicto*, and for reconsideration of his sentence, which were denied by order dated July 5, 2001 and filed on July 11, 2001. (See App. at 838, 854-56, Docket Entry 24-10 at 13, 29-31.) It appears that Broach then attempted to file a notice of appeal. (See App. at 842, Docket Entry 24-10 at 17.) However, on February 4, 2002, the South Carolina Court of Appeals dismissed Broach's appeal due to Broach's failure to timely serve the notice of appeal. The court noted that counsel believed the notice of appeal was timely prepared for service but that the certificate of service could not be located. (See id.) A remittitur was issued on February 25, 2002. (App. at 843, Docket Entry 24-10 at 18.)

On June 25, 2002, Broach filed an application for post-conviction relief ("PCR"), and in July of 2005, he filed two amended applications. (See App. at 755-65, Docket Entries 24-8 at 66-70, 24-9 at 1-6, 24-11.) The State filed a return on May 16, 2003. (App. at 766-69, Docket Entry 24-9 at 7-10.) On November 14, 2005, the PCR court held an evidentiary hearing at which Broach was represented by Tara D. Shurling, Esquire. (App. at 770, Docket Entry 24-9 at 11.)

---

[1] Broach's original attorney was relieved with Broach's agreement the week before the trial. Broach was informed at that time that the case would not be continued. Broach retained White on the Friday before the trial began. (See App. at 7-8, Docket Entry 24-2 at 15-16.)



Broach raised numerous issues in his application and his amended application; however, the PCR court ruled only on the following issues pertaining to whether trial counsel was ineffective for failing to:

1. [r]equest a jury instruction on prior inconsistent statements of witnesses;

2. [o]bject to statements by an investigator that [Petitioner's] wife, Barbara Broach, read a statement because Mrs. Broach cannot read or write;

3. [e]mphasize the functional illiteracy of Mrs. Broach during closing arguments;

4. [o]bject to hearsay testimony from State witnesses;

5. [c]ross-examine the State's witness about the similarity between candles allegedly used in molestation and those seized from [Petitioner's] home; and

6. [a]rgue that one of the alleged victims could not identify [Petitioner] after she was shown a picture of him, and adequately emphasize to the jury that said victim was only four years old at the time of the alleged events.

(App. at 820-21, Docket Entry 24-9 at 61-62.) The PCR judge denied Broach's PCR application by order filed July 5, 2006, concluding that trial counsel was not ineffective for any of the above stated grounds. Further, the PCR judge found that Broach did not demonstrate that trial counsel was deficient in his choice of trial tactics and that Broach failed to "show a reasonable probability that the result of the trial would have been different had trial counsel done what [Broach] alleges he should or should not have done." (App. at 822-24, Docket Entry 24-9 at 63-65.)

The Office of Appellate Defense timely filed a Notice of Intent to Appeal. On March 23, 2007, a petition for writ of certiorari was filed with the South Carolina Supreme Court in which Broach presented the following questions:

1. Whether Petitioner's case should be remanded to the [PCR] Court for specific findings as to whether the Petitioner is entitled to a belated appeal under White v. State?

2. Whether Petitioner's case should be remanded to the [PCR] Court since the record was left open pending the deposition of a witness?

(Docket Entry 24-12 at 3.) On March 26, 2007, the State filed its return to the petition for writ of certiorari and conceded that the matter should be remanded to the PCR judge for consideration of whether Broach was entitled to a belated appeal. The State denied that the case should be remanded for any other reason. (See Docket Entry 24-13.) On May 3, 2007, the South Carolina Supreme Court granted the petition for certiorari on Question One and ordered the parties to brief any direct appeal issues. However, the Supreme Court denied certiorari on Question Two of the petition. (Docket Entry 24-14.)

In Broach's brief to the South Carolina Supreme Court, Broach raised the following direct appeal issues:

1. Whether the trial court erred when the State was allowed to introduce the Petitioner's 1998 conviction for lewd act upon a minor during the cross examination of the Petitioner's employer[;]

2. Whether the trial court erred when the defense's motion, to admit evidence regarding the sexual abuse of a victim by her stepfather, was denied[?]

(Docket Entry 24-15 at 4.) On March 10, 2008, the South Carolina Supreme Court considered Broach's belated direct appeal issues and affirmed his convictions. (Docket Entry 24-17). The remittitur was issued on March 26, 2008. (Docket Entry 24-18.) Other than the issues raised in Broach's belated direct appeal, Broach did not appeal the PCR court's denial of his claims regarding ineffective assistance of counsel.

In Broach's petition for a writ of habeas corpus, he raises the following claims:

(1) <u>Ineffective Assistance of Trial Counsel</u>. Trial counsel failed to move to suppress evidence obtained in violation of the Fourth Amendment. Police searched Petitioner's home without a warrant.

(2) <u>Ineffective Assistance of Trial Counsel</u>. Trial counsel did not do sufficient preparation prior to trial and did not meet with Petitioner often enough to review his side of the case.

(3) <u>Ineffective Assistance of Trial Counsel</u>. Trial counsel did not investigate all the charges pending against Petitioner.

(4) <u>Ineffective Assistance of Counsel</u>. Trial counsel did not adequately ascertain Petitioner's version of the facts.

(5) <u>Ineffective Assistance of Counsel</u>. Trial counsel did not investigate all possible defenses in Petitioner's case.

(6) <u>Ineffective assistance of counsel</u>. Trial counsel failed to interview all relevant witnesses.

(7) <u>Ineffective assistance of counsel</u>. Trial counsel did not discuss with Petitioner the nature and extent of the evidence which the State had against him.

(8) <u>Ineffective assistance of counsel</u>. Trial counsel did not provide [P]etitioner with an assessment of the State's case.

(9) <u>Ineffective assistance of counsel</u>. Trial counsel did not work diligently to come to trial prepared, knowing he only had 3 days to prepare for trial when he was hired on Friday and went to trial on Monday morning.

(10) <u>Ineffective Assistance of Counsel</u>. Trial counsel did not object to a video tape that was introduced into evidence when he knew the tape was not the tape actually seized from the [P]etitioner's home.

(11) <u>Ineffective Assistance of Counsel</u>. Trial counsel failed to object to testimony of Petitioner's wife, when he knew she was incompetent to take the stand as a witness and that she could not read the statement police had her sign.

(12) <u>Ineffective Assistance of Counsel</u>. Trial counsel failed to object to candles that were introduced at trial when the State could not prove they were connected to any crime.



(13) <u>Ineffective Assistance of Counsel</u>. Failed to bring up fact that one of the alleged victims was 16 at the time of the alleged crime.

(14) <u>Ineffective Assistance of Counsel</u>. Trial counsel failed to request a jury instruction on prior inconsistent statements of witnesses.

(15) <u>Ineffective Assistance of Counsel</u>. Trial counsel failed to emphasize the functional illiteracy of Mrs. Broach during closing arguments.

(16) <u>Ineffective Assistance of Counsel</u>. Trial counsel failed to object to hearsay testimony from State witnesses.

(17) <u>Ineffective Assistance of Counsel</u>. Trial counsel failed to cross-examine the State's witness about the similarity between candles allegedly used in molestation and those seized from Petitioner's home.

(18) <u>Ineffective Assistance of Counsel</u>. Trial counsel failed to argue that one of the alleged victims could not identify Petitioner after she was shown a picture of him and to adequately emphasize to the jury that said victim was only four years old at the time of the alleged events.

(19) <u>Denial of Due Process</u>. The trial court erred when the State was allowed to introduce Petitioner's 1998 conviction for lewd act upon a minor during the cross-examination of Petitioner's employer.

(20) <u>Denial of Due Process</u>. The trial court erred when it denied the defense[']s motion to admit evidence regarding the sexual abuse of a victim by her stepfather.

(Pet., Docket Entry 1.)

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party



...

who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990).

**B.     Habeas Corpus Standard of Review**

    **1.     Generally**

Broach's petition for a writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254. In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a



basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### 2.      Exhaustion Requirement

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues which have been properly presented to the highest state courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth v. Ozmint, 377 F.3d 437 (4th Cir. 2004); see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice

as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**C.     Respondent's Motion for Summary Judgment**

**1.     Grounds One through Eighteen**

In his petition for habeas corpus relief, Broach clearly states that issues one through eighteen, although raised in his PCR application and amended PCR application, were not raised on appeal to the South Carolina Supreme Court by his collateral counsel.  (See Pet., Docket Entry 1.)  By Broach's own admission, none of Broach's issues pertaining to ineffective assistance of counsel were raised to the state's highest court.[2]  Broach further admits that since he failed to properly present these claims to the state appellate court, he is procedurally barred from asserting these claims in federal court, unless he can demonstrate sufficient cause for the default and prejudice, or that a fundamental miscarriage of justice will occur by failing to consider these claim.  (See Docket Entry 47 at 2-3); Lawrence, 517 F.3d at 714; Coleman, 501 U.S. at 750.  For the reasons discussed below, infra Part C.3., Broach has failed to meet this standard.

**2.     Grounds Nineteen and Twenty**

Grounds nineteen and twenty are also procedurally barred from consideration.  In Broach's belated appeal to the Supreme Court, he raised the following two issues:

---

[2]Moreover, grounds one through thirteen were not even addressed in the PCR judge's order and Broach did not file a Rule 59(e) motion to alter or amend the PCR court's order to address these issues.  See Rule 59(e), SCRCP; Marlar v. State, 653 S.E.2d 266, 267 (S.C. 2007) (stating that "[b]ecause respondent did not make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations, the issues were not preserved for appellate review").



1. Whether the trial court erred when the State was allowed to introduce the Petitioner's 1998 conviction for lewd act upon a minor during the cross examination of the Petitioner's employer[;]

2. Whether the trial court erred when the defense's motion, to admit evidence regarding the sexual abuse of a victim by her stepfather, was denied[?]

(Docket Entry 24-15 at 4.) In support of these arguments, Broach relied upon the South Carolina Rules of Evidence and South Carolina case law. He did not argue that the trial court's rulings violated his due process rights or that the trial judge allegedly committed any other constitutional violation. (See Docket Entry 24-15.) However, in his federal habeas corpus petition, Broach asserts for the first time that he was denied due process based on these two errors allegedly committed by the trial court. (Pet., Docket Entry 1.) To exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." Picard v. Connor, 404 U.S. 270, 275-76 (1971). For state courts to have a "fair opportunity" to hear a federal claim, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts *or that a somewhat similar state-law claim was made*." Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam) (internal citations omitted) (emphasis added). Since Broach did not raise a constitutional issue pertaining to these claims in state court, he is procedurally barred from raising these issues for the first time on federal habeas review, unless he can demonstrate sufficient cause for the default and prejudice, or that a fundamental miscarriage of justice will occur by failing to consider these claim. See Duncan v. Henry, 513 U.S. 364 (1995) (reversing a grant of a writ of habeas corpus where a petitioner in his direct appeal claimed only that the ruling violated state evidentiary rules and not a federal constitutional right); Lawrence, 517 F.3d at 714; Coleman, 501 U.S. at 750.



      **3.**      **Cause and Prejudice or a Fundamental Miscarriage of Justice**

In this case, Broach alleges cause and actual prejudice for procedurally defaulting on all of these claims as well as that a fundamental miscarriage of justice will occur by failing to consider these claims. "Cause" ordinarily requires "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). To demonstrate that a fundamental miscarriage of justice will occur, a petitioner can show "actual innocence."

In support of his assertion that there is cause for procedurally defaulting on these claims, Broach argues that his PCR "[c]ounsel was grossly ineffective in failing to raise Petitioner's issues before the South Carolina Supreme Court." (Docket Entry 47 at 3-4.) Broach attributes this error solely to his PCR appellate and trial counsel. However, "there is no constitutional right to an attorney in state post-conviction proceedings." Coleman, 501 U.S. at 752. Accordingly, there can be no right to effective assistance of counsel where there is no constitutional right to counsel. Wainright v. Torna, 455 U.S. 586 (1982). Since there is no right to effective assistance of counsel in state PCR proceedings, ineffective assistance of counsel cannot serve as cause for Broach's default. Coleman, 501 U.S. at 753-55; see also Sidebottom v. Delo, 46 F.3d 744, 751 (8th Cir. 1995) (stating that the failure of a petitioner's PCR counsel to preserve grounds for appeal cannot constitute cause); Caswell v. Ryan, 953 F.2d 853, 862 (3d Cir. 1992) ("Ineffectiveness of counsel does not provide sufficient cause to excuse procedural default when counsel is not constitutionally mandated."). Accordingly, Broach has failed to demonstrate cause for the procedural default.

In support of his claim that the procedurally defaulted claims should be considered, Broach also asserts that a fundamental miscarriage of justice will occur because he is actually innocent.



However, to establish "actual innocence," a petitioner must produce new evidence that was not available at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir.1999). Broach's assertion that he is actually innocent and summarizing pieces of the evidence presented at the trial, without more, does not satisfy this standard. Id. Accordingly, Broach has failed to demonstrate that a fundamental miscarriage of justice will occur by failing to consider these claims. Therefore, all of Broach's claims are procedurally barred.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (Docket Entry 23) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 28, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).