IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| William Broach, #272257, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 0:08-1627-HMH-PJG |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Warden Robert Stevenson, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court with the Report and Recommendation of United States

Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil

Rule 73.02 of the District of South Carolina.[1]  William Broach ("Broach") is a pro se state

prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.  Magistrate Judge Gossett

recommends granting Warden Robert Stevenson's ("Stevenson") motion for summary

judgment.  Broach filed objections to the Report and Recommendation and also filed a motion

to appoint counsel.  For the reasons stated below, the court grants Stevenson's motion for

summary judgment and denies Broach's motion to appoint counsel.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Broach is currently imprisoned at Broad River Correctional Institution, a South Carolina

Department of Corrections ("SCDC") facility.  On January 19, 2001, Broach was found guilty

---

[1]The recommendation has no presumptive weight, and the responsibility for making a
final determination remains with the United States District Court.  See Mathews v. Weber, 423
U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those
portions of the Report and Recommendation to which specific objection is made.  The court may
accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge
or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

after a jury trial of four counts of criminal sexual conduct with a minor, first degree; and one

count of criminal sexual conduct with a minor, second degree.  Broach was sentenced to thirty

years' imprisonment on each of the first degree counts all to be served concurrently, and twenty

years' imprisonment on the second degree count to be served consecutively.  Broach did not

timely appeal his conviction or sentence.

Broach filed an application for post-conviction relief ("PCR") on June 25, 2002,[2] arguing

numerous grounds.  However, after a hearing held on November 14, 2005, the PCR court only

ruled on the following ineffective assistance of counsel claims:

1.    [r]equest a jury instruction on prior inconsistent statements of witnesses;
2.    [o]bject to statements by an investigator that [Petitioner's] wife, Barbara Broach, read a statement because Mrs. Broach cannot read or write;
3.    [e]mphasize the functional illiteracy of Mrs. Broach during closing arguments;
4.    [o]bject to hearsay testimony from State witnesses;
5.    [c]ross-examine the State's witness about the similarity between candles allegedly used in molestation and those seized from [Petitioner's] home; and
6.    [a]rgue that one of the alleged victims could not identify [Petitioner] after she was shown a picture of him, and adequately emphasize to the jury that said victim was only four years old at the time of the alleged events.

(Resp't Mem. Supp. Summ. J. (App. at 820-21).)  In a July 5, 2006 order, the PCR court denied

Broach's PCR application on the basis that trial counsel was not constitutionally ineffective for

any of the grounds listed above.  Broach filed a petition for writ of certiorari to the South

Carolina Supreme Court on March 23, 2007, raising the following grounds:

1.    Whether Petitioner's case should be remanded to the [PCR] Court for specific findings as to whether the Petitioner is entitled to a belated appeal under White v. State?

_____

[2]Broach filed two amended PCR applications in July 2005.

2

2.      Whether Petitioner's case should be remanded to the [PCR] Court since the record was left open pending the deposition of a witness?

(Id. Exs. (Petition for Cert.).)

On March 26, 2007, in its return to the petition for writ of certiorari, the State conceded that the matter should be remanded to the PCR court to consider whether Broach was entitled to a belated appeal and denied that the case should be remanded for any other reason.  The South Carolina Supreme Court granted certiorari on question one only on May 3, 2007, allowing Broach to present a belated appeal.  Broach raised the following direct appeal questions:

1.      Whether the trial court erred when the State was allowed to introduce the Petitioner's 1998 conviction for lewd act upon a minor during the cross examination of the Petitioner's employer[;]
2.      Whether the trial court erred when the defense's motion, to admit evidence regarding the sexual abuse of a victim by her stepfather, was denied[?]

(Id. Exs. (Order Granting Certiorari).)  The South Carolina Supreme Court affirmed Broach's conviction on March 10, 2008.  Aside from the issues raised in the direct appeal, Broach did not appeal the PCR court's denial of his ineffective assistance of counsel claims.  On April 11, 2008, Broach filed the instant § 2254 petition[3] raising the following claims:

(1)     Ineffective Assistance of Trial Counsel. Trial counsel failed to move to suppress evidence obtained in violation of the Fourth Amendment. Police searched Petitioner's home without a warrant.
(2)     Ineffective Assistance of Trial Counsel. Trial counsel did not do sufficient preparation prior to trial and did not meet with Petitioner often enough to review his side of the case.
(3)     Ineffective Assistance of Trial Counsel. Trial counsel did not investigate all the charges pending against Petitioner.
(4)     Ineffective Assistance of Counsel. Trial counsel did not adequately ascertain Petitioner's version of the facts.
(5)     Ineffective Assistance of Counsel. Trial counsel did not investigate all possible defenses in Petitioner's case.

---

[3]See Houston v. Lack, 487 U.S. 266 (1988).

(6)     Ineffective Assistance of Counsel. Trial counsel failed to interview all relevant witnesses.

(7)     Ineffective Assistance of Counsel. Trial counsel did not discuss with Petitioner the nature and extent of the evidence which the State had against him.

(8)     Ineffective Assistance of Counsel. Trial counsel did not provide [P]etitioner with an assessment of the State's case.

(9)     Ineffective Assistance of Counsel. Trial counsel did not work diligently to come to trial prepared, knowing he only had 3 days to prepare for trial when he was hired on Friday and went to trial on Monday morning.

(10)    Ineffective Assistance of Counsel. Trial counsel did not object to a video tape that was introduced into evidence when he knew the tape was not the tape actually seized from the [P]etitioner's home.

(11)    Ineffective Assistance of Counsel. Trial counsel failed to object to testimony of Petitioner's wife, when he knew she was incompetent to take the stand as a witness and that she could not read the statement police had her sign.

(12)    Ineffective Assistance of Counsel. Trial counsel failed to object to candles that were introduced at trial when the State could not prove they were connected to any crime.

(13)    Ineffective Assistance of Counsel.  Failed to bring up fact that one of the alleged victims was 16 at the time of the alleged crime.

(14)    Ineffective Assistance of Counsel. Trial counsel failed to request a jury instruction on prior inconsistent statements of witnesses.

(15)    Ineffective Assistance of Counsel. Trial counsel failed to emphasize the functional illiteracy of Mrs. Broach during closing arguments.

(16)    Ineffective Assistance of Counsel. Trial counsel failed to object to hearsay testimony from State witnesses.

(17)    Ineffective Assistance of Counsel.  Trial counsel failed to cross-examine the State's witness about the similarity between candles allegedly used in molestation and those seized from Petitioner's home.

(18)    Ineffective Assistance of Counsel. Trial counsel failed to argue that one of the alleged victims could not identify Petitioner after she was shown a picture of him and to adequately emphasize to the jury that said victim was only four years old at the time of the alleged events.

(19)    Denial of Due Process. The trial court erred when the State was allowed to introduce Petitioner's 1998 conviction for lewd act upon a minor during the cross-examination of Petitioner's employer.

(20)    Denial of Due Process. The trial court erred when it denied the defense[']s motion to admit evidence regarding the sexual abuse of a victim by her stepfather.

(Broach Pet., generally.)  Stevenson filed a motion for summary judgment on September 30,

2008.  Broach filed a memorandum in opposition to Stevenson's motion for summary judgment

on February 6, 2009.  Magistrate Judge Gossett recommends granting Stevenson's motion for

summary judgment because Broach's claims are procedurally defaulted.

## II. DISCUSSION OF THE LAW

Objections to the Report and Recommendation must be specific.  Failure to file specific

objections constitutes a waiver of a party's right to further judicial review, including appellate

review, if the recommendation is accepted by the district judge.  See United States v. Schronce,

727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of *specific* objections to the Report and

Recommendation of the magistrate judge, this court is not required to give any explanation for

adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The magistrate judge recommends granting Stevenson's motion for summary judgment

because the claims raised in Broach's petition are procedurally defaulted.  (Report and

Recommendation, generally.)  Further, the magistrate judge submits that Broach had failed to

show cause or prejudice or a fundamental miscarriage of justice to excuse his procedural default.

Broach filed objections to the Report and Recommendation.  After review, however, the

court finds that many of Broach's objections are non-specific, unrelated to the dispositive

portions of the magistrate judge's Report, or merely restate his claims.  However, the court was

able to glean three specific objections.

Broach claims that he has shown cause and prejudice to excuse his procedural default of

claims one through eighteen because the PCR court did not rule on all of the claims raised in his

PCR action, and he filed a Rule 59(e) motion to alter or amend pursuant to the South Carolina

Rules of Civil Procedure.  (Objections 2-3.)  Broach's arguments are wholly without merit.

"Under the well-established doctrine of procedural default, a federal habeas court may not

review a claim that a state court has found to be clearly and expressly defaulted under an

independent and adequate state procedural rule. . . ."  Weeks v. Angelone, 176 F.3d 249, 269 (4th

Cir. 1999).  "It is the rule in this country that assertions of error in criminal proceedings must

first be raised in state court in order to form the basis for relief in habeas.  Claims not so raised

are considered defaulted."  Breard v. Greene, 523 U.S. 371, 375 (1998) (internal citation

omitted).  Thus, "state prisoners must give the state courts one full opportunity to resolve any

constitutional issues by invoking one complete round of the State's established appellate review

process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Whitley v. Bair, 802 F.2d 1487,

1500 (4th Cir. 1986) ("[F]ailure to appeal claims disposed of by a state habeas trial court

constitutes a procedural bar to further federal review of such claims.").  Broach's procedural

default may be excused if he "can demonstrate cause for the default and actual prejudice as a

result of the alleged violation of federal law, or demonstrate that failure to consider the claims

will result in a fundamental miscarriage of justice."  Coleman v. Thompson, 501 U.S. 722, 750

(1991).

Broach failed to raise on appeal all of the grounds raised in the PCR court.  Further,

Broach did not file a timely Rule 59(e) motion requesting that the PCR court make specific

findings on all of his claims raised in his PCR applications.  Marlar v. State, 653 S.E.2d 266, 267

(S.C. 2007) ("Because respondent did not make a Rule 59(e) motion asking the PCR judge to

make specific findings of fact and conclusions of law on his allegations, the issues were not

preserved for appellate review. . . .").  On appeal, Broach raised two issues, whether the case

should be remanded to the PCR court for consideration of a belated direct appeal and because the

record was left open pending a witness deposition.  Other than the issues raised in the belated

direct appeal, Broach did not appeal the PCR court's denial of his claims raised in his PCR

applications.  "[T]he existence of cause for a procedural default . . . turn[s] on whether . . .

[Broach] can show that some objective factor external to the defense impeded . . .  [his] efforts to

comply with the State's procedural rule."  Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999).

Broach has not provided the court with any evidence to establish cause for default or prejudice

with respect to claims one through eighteen. Accordingly, Broach has not established cause for

the default.

Broach objects that a miscarriage of justice would result if this court does not allow him

to pursue claims one through eighteen because he is actually innocent.  This argument also fails.

"[I]n order to demonstrate that a miscarriage of justice would result from the refusal of the court

to entertain the collateral attack, a movant must show actual innocence by clear and convincing

evidence."  United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999).  Claims of actual

innocence are subject to a demanding standard.  Wilson v. Greene, 155 F.3d 396, 405 (4th Cir.

1998).  To be credible, Broach's actual innocence claim must be supported by "new reliable

evidence . . . that was not presented at trial."  Schlup v. Delo, 513 U.S. 298, 324 (1995).  "A

reviewing court must evaluate the new evidence alongside any other admissible evidence of the

defendant's guilt, and may grant relief only where 'a constitutional violation has probably

resulted in the conviction of one who is actually innocent.'"  Wilson, 155 F.3d at 404-05

(quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)) (internal citation omitted).  In his

objections, Broach attempts to rehash the evidence presented at trial and argues that his counsel was ineffective.  (Objections 3-8.)  The court has reviewed all of the evidence and concludes that Broach has not presented sufficient new, reliable evidence necessary to support his claim of actual innocence.  Therefore, this objection is without merit.

In addition, Broach objects that claims nineteen and twenty are not procedurally defaulted because he can show "cause and prejudice" and a "miscarriage of justice."  (Objections 8.)  In her Report, Magistrate Judge Gossett found that Broach's due process claims were procedurally defaulted because Broach did not raise these claims on direct appeal as a due process challenge. (Report and Recommendation 9-10.)  During his direct appeal, Broach alleged that the introduction during trial of his 1998 conviction for a lewd act upon a minor and the trial court's denial of Broach's request to introduce evidence of sexual abuse of a victim by her stepfather violated state law.  Broach objects that because his counsel was constitutionally ineffective for raising his claims on direct appeal solely as state law violations, he has shown cause and prejudice to excuse the procedural default.  (Objections 8.)  In the instant petition, Broach alleges that his due process rights were violated when the trial court allowed evidence of his 1998 conviction and denied introduction of evidence of sexual abuse of one victim by her stepfather.

"[I]f appellate counsel were constitutionally ineffective under the standard established in *Strickland [*v. *Washington*, 466 U.S. 668 (1984)], cause is established to excuse the procedural default."  Williams v. French, 146 F.3d 203, 215 (4th Cir. 1998).  "Under *Strickland*, a defendant is deprived of the assistance of counsel guaranteed by the Constitution when counsel's performance falls below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

8

been different." Id. (internal quotation marks omitted). However, "a claim of ineffective

assistance . . . generally must be presented to the state courts as an independent claim before it

may be used to establish cause for a procedural default." Edwards v. Carpenter, 529 U.S. 446,

452 (2000) (internal quotation marks omitted); Frasier v. Maschner, 304 F.3d 815, 817 (8th Cir.

2002) ("[I]neffectiveness of appellate counsel may not be asserted as cause to excuse procedural

default unless the petitioner has first presented this argument 'as an independent Sixth

Amendment claim to the state courts, if a forum existed to make the argument.'").

Broach has not shown any cause for his failure to present this claim of ineffective

assistance of counsel in a second PCR application following the South Carolina Supreme Court's

decision affirming his conviction and sentence. "Any issue which could have been raised in the

initial state PCR action cannot be raised in a second PCR action." Wilson v. Moore, 999 F.

Supp. 783, 789 (D.S.C. 1998). Broach could not have raised this issue in his first PCR action

because he was granted a belated appeal as a result of his first PCR action. "Because ineffective

assistance of counsel for failure to raise this [due process] claim on appeal has not been raised as

an independent claim for relief, it cannot serve as cause to excuse the default of this claim."

Royal v. Netherland, 4 F. Supp. 2d 540, 567 (E.D. Va. 1998). Further, as set forth above, Broach

has failed to show a fundamental miscarriage of justice.

Moreover, even if the due process claims were not procedurally defaulted, the claims fail

on the merits. When the prosecution first attempted to utilize the 1998 conviction for

impeachment purposes, the trial court denied the request pursuant to Rule 403 of the South

Carolina Rules of Evidence because the prejudicial effect of the evidence outweighed its

probative value. (Resp't Mem. Supp. Summ. J. App. Ex. (App. at 580).) Subsequently, the trial

court allowed into evidence Broach's 1998 conviction for a lewd act upon a minor finding that the probative value of the evidence outweighed the prejudicial effect after Broach repeatedly introduced evidence of his good character over the warnings of the trial court that such evidence would allow the prosecution to impeach the witnesses with the 1998 conviction.  (Id. App. Ex. (App. at 580, 615, 618).)  "[S]tate evidentiary determinations ordinarily do not present federal constitutional issues.  However, the Supreme Court . . . has provided an exception, under some circumstances, if a state court applies the State's evidentiary rules unfairly to prevent a defendant from presenting evidence that is critical to his defense."  Romano v. Gibson, 239 F.3d 1156, 1166 (10th Cir. 2001) (internal citation omitted).  With respect to Broach's 1998 conviction, the trial court properly allowed the prosecution to introduce evidence of his prior conviction after Broach introduced his good character during opening statements and two witnesses testified to Broach's good character.  Darden v. Wainwright, 477 U.S. 168, 186 (1986) ("Any attempt to portray petitioner as a nonviolent man would have opened the door for the State to rebut with evidence of petitioner's prior convictions.").  Further, based on a review of the record, even if it were error to allow this evidence, the admission was harmless considering the overwhelming evidence of Broach's guilt.  See Thomas v. Lynaugh, 812 F.2d 225, 231 (5th Cir. 1987).

In addition, Broach's claim that his due process rights were violated by not allowing evidence that one of the victims was sexually abused by her stepfather was also properly excluded.  S.C. Code Ann. § 16-3-659.1(1) protects the disclosure of other sexual activity of a victim unless the victim were a child witness.  In the instant case, all of the victims were adults at the time of trial.  Based on the foregoing, Broach has made no substantial showing that the exclusion of the evidence cited deprived him of a constitutional right to present a defense.

Therefore, after a thorough review of the record and the magistrate judge's Report and

Recommendation, the court adopts the Report and Recommendation.

Therefore, it is

**ORDERED** that Stevenson's motion for summary judgment, docket number 23, is

granted, and Broach's § 2254 petition is dismissed.  It is further

**ORDERED** that Broach's motion to appoint counsel, docket number 55, is denied.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
June 4, 2009

**NOTICE OF RIGHT TO APPEAL**

The Petitioner is hereby notified that he has the right to appeal this order within thirty

(30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate

Procedure.